IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CV-11-BO

LARRY DANELL SIMPSON,  )
    Plaintiff,  )
                                 )
v.  )                  O R D E R
                                 )
KILOLO KIJAKAZI,  )
*Acting Commissioner of Social Security,*[1]  )
    Defendant.  )

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 19, 24]. A hearing was held on these matters before the undersigned on May 20, 2022, at Edenton, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed his application in April 2018 alleging disability beginning December 11, 2014. After initial denials, plaintiff proceeded to a telephonic hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since his alleged onset date and met the insured status requirements through June 30, 2021, at step one, the ALJ found at step two that plaintiff had severe impairments – degenerative disc disease and obesity – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform sedentary work with several exertional limitations. The ALJ found at step four that plaintiff could not perform his past relevant work as a boat builder but found at step five that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as addresser, document preparer, and final assembler. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). Moreover, an RFC of less than sedentary work "reflects very serious limitations" and "is expected to be relatively rare." SSR 96-9p. The ALJ's finding that plaintiff could perform a

3

reduced range of sedentary work is not supported by substantial evidence. Despite plaintiff's younger age, the record reflects that his two prior back surgeries left plaintiff with continued radiculopathy and pain. Following his second surgery, an EMG study resulted in abnormal findings consistent with mild, chronic, right L4 and L5 radiculopathies and mild, chronic and ongoing left L5 radiculopathy. Tr. 769. Where, as here, the evidence presents a medically determinable impairment which could produce a claimant's symptoms, 20 C.F.R. § 404.1529(b), a social security claimant can rely on subjective evidence to demonstrate that his symptoms were so continuous or severe that they would prevent him from working on a regular and continuing basis. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020) (internal quotations, alterations and citation omitted). Here, the record demonstrates that plaintiff's limitations from pain would prevent work on an ongoing and continuous basis.

Plaintiff regularly reported to his medical providers that he experienced pain radiating from the surgery site and pain radiating down his legs. At the hearing before the ALJ, plaintiff testified that he could sit for fifteen minutes at a time and that his only comfortable position was in a recliner. Tr. 51-53. Although the record does contain findings of normal strength and negative straight leg raising tests, a consultative examiner noted that plaintiff continued to be symptomatic after back surgery and that the pain was worse with activities and lifting objects. Tr. 848. The record also contains evidence of reduced reflexes and a positive straight leg raising test after plaintiff reported to the emergency department after hearing a pop from his back. Tr. 1079.

In sum, contrary to the ALJ's decision in this case, there exists both subjective and objective evidence in the record which supports the limitations caused by plaintiff's pain. Application of the proper legal standard results in a determination that plaintiff's ongoing pain

4

following his back surgeries would prevent him from working eight hours per day, five days per week, due to, among other things, his need to alternate positions throughout the day.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, the vocational expert testified that if plaintiff needed alternate between sitting and standing he would be unable to engage in competitive employment. Accordingly, there is no need to remand the matter to the Commissioner as a remand would serve no purpose.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion [DE 24] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits in accordance with the foregoing.

SO ORDERED, this ___8___ day of June 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE